STATE OF LOUISIANA

VERSUS

SHANTEL PARRIA

NO. 22-K-144

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Nancy F. Vega
Chief Deputy, Clerk of Court

April 05, 2022

Nancy F. Vega
Chief Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE E. ADRIAN ADAMS, DIVISION "G", NUMBER 18-4457

Panel composed of Judges Susan M. Chehardy, Fredericka Homberg Wicker, and Hans J. Liljeberg

## WRIT GRANTED IN PART FOR A LIMITED PURPOSE; DENIED IN PART; REMANDED WITH INSTRUCTIONS

Relator, the State of Louisiana, seeks review of the trial court's ruling to accept Dr. Maanasi Chandarana as an expert witness after the State's filing of a "Motion for *Daubert* and La. C.E. art. 702 hearings." For the following reasons, we grant the writ for a limited purpose to clarify and limit the scope of the expert's testimony in the field of pathology. As to all other relief requested, the writ is denied. We further remand this matter to the trial court for immediate resumption of trial by 9:00 a.m. on Wednesday, April 6, 2022.

On November 8, 2018, a Jefferson Parish grand jury returned an indictment charging defendant, Shantel Parria, with the second degree murder of her husband in violation of La. R.S. 14:30.1. On March 29, 2022, days prior to trial, the State filed a "Motion for *Daubert* and La. C.E. art. 702 hearings." In its motion and pertinent to this writ application, the State challenged a defense expert, Dr. Chandarana, a board certified psychiatrist in forensic psychiatry and psychiatry. Dr. Chandarana prepared an expert report entitled "Suicide Risk Assessment at Time of Death" to support defendant's defense at trial that her husband's death was a suicide rather than a homicide.

On March 31, 2022, the trial judge conducted a *Daubert* hearing at which Dr. Chandarana testified as to her qualifications, as well as her report, and the methodology and sources used to support her opinion concerning the victim's suicide risk at the time of his death. At the conclusion of the *Daubert* hearing, the trial judge stated on the record that he considered the *Daubert* factors as well as the provisions concerning expert testimony provided in La. C.E. art. 702, and

determined that Dr. Chandarana's expert testimony would be beneficial to the trier-of-fact in this case. The transcript indicates that the trial judge accepted Dr. Chandarana as an expert in the three areas offered: forensic psychiatry, forensic neuropsychiatry, and pathology. On April 4, 2022, while *voir dire* was in progress, the State filed the instant writ application seeking review of the trial court's March 31, 2022 ruling. On that date, this Court issued a stay of the trial until Wednesday, April 6, 2022, at 9:00 a.m.

La. C.E. Art. 702 governs the admissibility of expert testimony and provides that a witness, who is qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. *State v. Achelles*, 16-170 (La. App. 5 Cir. 12/21/16), 208 So.3d 1068, 1077. In *State v. Foret*, 628 So.2d 1116 (La.1993), the Louisiana Supreme Court adopted the test set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), regarding proper standards for the admissibility of expert testimony, which require the trial court to act in a gatekeeping function to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *State v. Boudoin*, 11-967 (La. App. 5 Cir. 12/27/12), 106 So.3d 1213, 1225, *writ denied,* 13-0255 (La.8/30/13), 120 So.3d 260. The *Daubert* inquiry consists of four considerations: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether the methodology is generally accepted by the relevant scientific community. *Id.* at 1225. *State v. Francois*, 13-616 (La. App. 5 Cir. 1/31/14), 134 So.3d 42, 59, *writ denied*, 14-0431 (La. 9/26/14), 149 So.3d 261(quotations omitted). A trial judge's decision to qualify an expert witness or to admit or exclude certain expert testimony is subject to an abuse of discretion standard. *Id.*; *State v. Stokes*, 99-1287 (La. App. 5 Cir. 4/13/00), 759 So.2d 980, 984, *writ denied*, 00-1219 (La. 2/16/01), 802 So.2d 607.

Upon a thorough review of the writ application and attachments thereto, we find that the trial judge did not abuse his discretion in accepting Dr. Chandarana as an expert in forensic psychiatry, forensic neuropsychiatry, and pathology, and in finding that Dr. Chandarana's testimony would be beneficial to the trier-of-fact in this case. To address an issue raised by the State, however, we grant this writ for a limited purpose to clarify that the scope of Dr. Chandarana's expert testimony in pathology does not include opining on the cause of the victim's death. Pathology is "the study of the essential nature of diseases and especially of the structural and functional changes produced by them."[1] In the context of this case and this witness's scope of expertise, pathology is limited to the study of the essential nature of mental health issues, conditions, disorders and diseases, specifically including the risk factors for suicide. In all other respects, this writ is denied.

However, a review of the writ application reflects that the minute entry in the record states that Dr. Chandarana was accepted as an expert in "forensic psychology," which is inconsistent with the transcript. Because the transcript prevails, we hereby order the Clerk of Court for the 24th Judicial District Court to correct the minute entry to reflect that Dr. Chandarana was accepted as an expert in

---

[1] See "Pathology." *Merriam-Webster.com Dictionary*, Merriam-Webster, https://www.merriam-webster.com/dictionary/pathology.

2

the three fields offered: forensic psychiatry, forensic neuropsychiatry, and pathology.

Moreover, because defendant remains incarcerated and this matter has been pending for approximately three years, we remand this matter for trial to be immediately resumed by 9:00 a.m. on Wednesday, April 6, 2022.

Gretna, Louisiana, this 5th day of April, 2022.

**FHW**
**SMC**
**HJL**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **04/05/2022** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-K-144

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable E. Adrian Adams (DISTRICT JUDGE)
Thomas J. Butler (Relator)          Leo J. Palazzo (Respondent)
Jason J. Markey (Respondent)        Darren A. Allemand (Relator)
                                    Mario A. Arteaga, Jr. (Respondent)

### MAILED
Davin R. Savoy (Respondent)         Honorable Paul D. Connick, Jr. (Relator)
Attorney at Law                     District Attorney
732 Behrman Highway                 Twenty-Fourth Judicial District
Suites F & G                        200 Derbigny Street
Gretna, LA 70056                    Gretna, LA 70053